on the ground that the charge was not only of a specific act of dishonesty, but impeached the plaintiff's character generally. On this account he was for admitting proof of character on the part of the plaintiff to meet this general imputation. The words laid in one count and justified by the plea are: "He robbed my sister's letter — I can prove it — and it is not the first time he has done this thing." He admitted that the current of English authorities was against admitting evidence of character: but he thought the American authorities were contrary. (2 Stark. Ev. 216, 471; 2 Russ. 703; 3 Dana's Rep. 432.) In his view, character was essentially in issue in these cases of slander, where the defendant justifies; and also in cases of seduction; as much so as in, criminal cases, in which it is always competent for the party charged to give his general character in evidence, and have the benefit of that character, in cases of doubt as to the truth of the specific charge.
The plaintiff now called a witness to prove his condition in life, and he was proved to be a mail contractor and stage driver. Question. — Was he frequently intrusted in that capacity with the carrying of money? This evidence was objected to; and ruled out by the court, its object appearing to them to be to prove character, and not occupation.
A witness was called to the stand, and after proving the uttering of the slander, was asked to state the defendant's manner of making the charge, his language and the replies of the plaintiff at the time, with a view to show express malice. This also was objected to; and admitted by the court.
The plaintiff's counsel asked the court to charge. — 1st. That a specific slander being proved, other slanders are to be considered in aggravation of damages. 2d. That proof in an action of slander on a plea of justification must be plenary; no suspicion however strong will support the plea of justification. (Stark. Sland. 180.) 3d. The plea of justification on the record, without any other plea, if unsustained by the proof is, per se, evidence of malice. It is a voluntary, deliberate and permanent repetition of the slander. (15Mass. Rep. 49; 7 Cowen's Rep. 629-30-33.) 4th. That as it was proved the defendant, at the time of the slander, invited the plaintiff to fight, this was *Page 377 
evidence of express malice. 5th. That the defence now made at the bar, charging as it did the plaintiff with theft, was evidence of malice, for the lawyer speaks by the instruction of his client. 6th. That where express malice is proved the jury are warranted in giving exemplary damages. (Goslin vs. Cannon, 1 Harr. Rep. 1.) Compensatory damages are for wounded feelings, time lost, and money expended in the suit. Exemplary damages, to warn the slanderer that he is violating the laws of the land; to close his mouth; to protect society, and secure it from the use of the pistol and bowie knife, by an assurance that the law will avenge all wrongs, and that private vengeance is unnecessary. Society is always wounded when any of its members are injured; and in a glaring case like this it needs to be avenged by a verdict which shall punish, the daring violator of its peace.
The defence relied 1st. On the evidence in proof of the plea of justification. 2d. That the plea of justification though unsupported, is not an aggravation of the case, because without that plea the defendant cannot give in evidence the circumstances under which he made the charge. These could not be offered under the general issue of not guilty, which would confine the defendant to a mere denial of the uttering the words. (15 Mass. Rep. 49; 7 Cowen's Rep.
629; 1 Harr. Rep. 503; 2 Strange 1200; Stark.Sland. 410; 2 Stark. Ev. 878.) 3d. That these circumstances are proper to be considered by the jury in reduction of the damages, even though they may not amount to a support of the plea of justification. The very passion and temper of the defendant when he made the charge, instead of being evidence of malice, is ground of alleviation for the charge.